## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## CENTRAL DIVISION
## FRANKFORT

**CRIMINAL ACTION NO. 3:17-CR-17-GFVT**

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**

V.                                    **PLEA AGREEMENT**

**CHRISTOPHER D. PINGUELY**                                    **DEFENDANT**

\*   \*   \*   \*   \*

1.      Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count  1 of the Indictment, charging a violation of 18 U.S.C. § 2119, carjacking, and Count 2 of the Indictment, charging a violation of 18 U.S.C. § 924(c)(1)(A), possession of a firearm in furtherance of a crime of violence.  Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Counts 3 and 4.

2.      The essential elements of Count 1 of the Indictment are as follows:

    (a)   That Pinguely intentionally took from a person a motor vehicle as described in the Indictment;

    (b)   That the motor vehicle had been transported, shipped or received in interstate commerce;

    (c)   That Pinguely did so by means of force and violence; and

    (d)   That Pinguely intended to cause serious bodily harm.

3.      The essential elements of Count 2 of the Indictment are:

    (a)   That Pinguely committed a crime of violence as reflected in Count 1;

1

       (b)     That Pinguely knowingly possessed a firearm; and

       (c)     That the possession of the firearm was in furtherance of the crime of violence reflected in Count 1.

4.     As to Counts 1 and 2 of the Indictment, the United States could prove the following facts that establish the essential elements of the offenses beyond a reasonable doubt, and the Defendant admits these facts:

       (a)     On September 3, 2017, troopers with the Kentucky State Police were approached by a person, later identified as I.A., at the Pilot Gas Station in Henry County, in the Eastern District of Kentucky. I.A. advised the trooper that he had been robbed of his semi-truck at gunpoint. I.A. was sleeping in his truck when a white male, later identified as Christopher Pinguely, entered his truck and pointed a rifle at him. Pinguely yelled at I.A. and threatened to shoot him. Pinguely forced I.A. out of the semi-truck at gunpoint and took his vehicle.

       (b)     Troopers issued an attempt to locate the vehicle and deputies with the Gallatin County Sheriff's office observed the vehicle northbound on I-71. The truck exited the highway and traveled to the rear lot of a truck stop off exit #62. While parked at this location, law enforcement officers were able to make contact with Pinguely and affected his arrest.

       (c)     A search of the truck revealed a loaded Smith & Wesson, MP-15 .223 rifle bearing serial number TE46376.

       (d)     The semi-truck was a Kenworth "bobtail" and is the property of Midwest Freight Systems Corporation. ATF agents determined that semi-truck was engaged in interstate commerce at the time it was stolen. The semi-truck was valued at $50,000.

       (e)     Pinguely was in possession of the rifle and possessed the firearm in furtherance of the crime of violence.

5.     The statutory punishment for Count 1 of the Indictment is imprisonment for not more than 15 years, a fine of not more than $250,000, and a term of supervised release of not more than 3 years. A mandatory special assessment of $100 applies, and

the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

6.    The statutory punishment for Count 2 of the Indictment is imprisonment for not less than 7 years, nor more than life, consecutive to any other sentence, a fine of not more than $250,000 and a term of supervised release of not more than 5 years. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

7.    Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations.  This recommendation does not bind the Court.

(a)    The United States Sentencing Guidelines (U.S.S.G.) in effect at the time of sentencing will determine the Defendant's guidelines range.

(b)    Pursuant to U.S.S.G. § 2B3.1, the base offense level is 20.

(c)    Pursuant to USSG § 2B3.1(b)(2)(c), increase the base offense level by 6-levels because a firearm was otherwise used.

(d)    Pursuant to USSG § 2B3.1(b)(5), increase the base offense level by 2-levels because the offense involved a carjacking.

(e)    Pursuant to USSG § 2B3.1(b)(7)(B), increase the base offense level by 1-level because the loss value is more than $20,000.

(f)    Pursuant to U.S.S.G 2K2.4(b), the guideline sentence for Count 2 is the minimum term or imprisonment required by 18 U.S.C. § 924(c)(1)(A), which is 7 years consecutive to any other sentence.

(g)    Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility.  If the offense level determined prior to this 2-level decrease is level 16 or greater, the United

States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

8.      No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

9.      The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

10.     The Defendant waives the right to appeal the guilty plea and conviction. The Defendant waives the right to appeal any determination made by the Court at sentencing with the sole exception that the Defendant may appeal any aspect of the sentence if the length of the term of imprisonment exceeds the advisory sentencing guidelines range as determined by the Court at sentencing or the statutory minimum sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

11.     The Defendant will forfeit to the United States all interest in the property listed in the forfeiture allegation of the Indictment and will execute any documents necessary for this forfeiture. The Defendant agrees that this property is subject to forfeiture because the United States could prove by a preponderance of the evidence that a nexus exists between the property and criminal conduct.

12.     The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or

affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

13.     The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and

agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

14.     If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

15.     This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

16.     This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

17.     The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

ROBERT M. DUNCAN, JR.
UNITED STATES ATTORNEY

Date: 3/29/18          By: 

Cynthia T. Rieker
Assistant United States Attorney

Date: _____

Christopher Pinguely
Defendant

Date: _____

Benjamin P. Hicks
Attorney for Defendant