

**Gregory F. Van Tatenhove**
UNITED STATES DISTRICT JUDGE

Eastern District of Kentucky
**FILED**
Nov - 01 2021
Robert R. Carr
Clerk, U.S. District Court

November 1, 2021

United States Department of Justice
Federal Bureau of Prisons
Designation and Sentence Computation Center
U.S. Armed Forces Reserve Complex
346 Marine Forces Drive
Grand Prairie, Texas 75051

Re: *United States of America v. Christopher D. Pinguely*
Frankfort Criminal Action 3:17-cr-00017-GFVT
Designation of Federal Sentence

Dear Mr. O'Brien:

This letter is in response to your letter, dated October 20, 2020, requesting the Court's guidance on whether Mr. Pinguely's state and federal sentences should run consecutively or concurrently. On September 13, 2018, Mr. Pinguely was sentenced in this Court to 120 months imprisonment, with five years of supervised release to follow, after pleading guilty to carjacking and possession of a firearm in furtherance of a crime of violence. Shortly thereafter, Mr. Pinguely was sentenced by two different state courts to eight and ten years imprisonment, respectively, for two unrelated events. Both state courts indicated their sentences were to run concurrently with this Court's sentence.

Because Mr. Pinguely's federal Judgment is silent as to how his sentences are to run, the BOP requested this Court to designate whether his federal and state sentences are to run consecutively or concurrently. The United States argued the sentences should be designated consecutive due to the seriousness of the offenses but indicated that the Court could consider a partial consecutive term. Mr. Pinguely did not file a response.

"Under 18 U.S.C. § 3584(a), a district court may order that a federal sentence and an undischarged state sentence run either concurrently or consecutively." *United States v. Martin*, 371 Fed. App'x 602, 604 (6th Cir. 2010). Regardless of a state court's subsequent ruling that its sentence run concurrently with a previously mandated federal sentence, it is the ruling of the federal district court which determines how the sentences are to run. *See Setser v. United States*, 566 U.S. 231, 239 (2012). "When the possibility of a sentence running concurrently was simply

never raised before the district court," a district court's silence mandates a consecutively run sentence. *Id.* at 606.

In this matter, neither the Defendant nor his counsel requested his federal sentence run concurrently with his soon-to-be-imposed state sentences. Counsel for Mr. Pinguely did not raise "the possibility of a sentence running concurrently" before the Court. *Martin*, 371 Fed. App'x at 605-606. The United States recognized that Mr. Pinguely believed he would serve his state and federal sentences concurrently when he pled in state court. It is unclear whether Mr. Pinguely was under this impression when he pled in this Court. Even if he did believe he was pleading to concurrent sentences, this Court is not bound by the parties' implicit or explicit agreements regarding a defendant's sentence. Further, the Court ensured Mr. Pinguely understood his plea agreement constituted the complete agreement between the parties, every formal offer made by the government was communicated to him, and no one had made an offer outside the plea agreement to induce him to plead.

Though the United States suggests the Court can retroactively consider a partial consecutive term, they do not point to legal support for that proposition. 18 U.S.C. § 3584(a) and *Martin*, 371 Fed. App'x at 606, state that sentences imposed at different times are consecutive unless "the possibility of a sentence running concurrently" is raised at sentencing. That possibility was not raised at sentencing, so the sentence imposed by this Court is consecutive to Mr. Pinguely's state sentences.

Sincerely,

Hon. Gregory F. Van Tatenhove